Case 2:21-cv-01640-NAD  Document 1-1  Filed 12/13/21  Page 1 of 73

DOCUMENT 2
ELECTRONICALLY FILED
8/18/2021 4:00 PM
01-CV-2021-902379.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

FILED
2021 Dec-13 PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| Jerreld Welch; | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) ***JURY TRIAL IS REQUESTED*** |
| | ) |
| **v.** | ) **Case No.** |
| | ) |
| Michael Brown; Johnson | ) |
| Bros. Corporation, a | ) |
| Southland Company, LLC | ) |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, the driver of the motor vehicle which collided with Plaintiff's vehicle and whose negligence caused the Plaintiff's injuries on the occasion made the basis of this suit; No. 2, whether singular or plural, the owner of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; No. 3, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; No. 4, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 5, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle involved in the occurrence made the basis of this complaint; No. 7, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 8, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle involved in the occurrence made the basis of this lawsuit; No. 9, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; No. 10, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 12, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 13, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit,

any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 15, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); No. 16, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;

     **Defendants.**             )

## PLAINTIFF'S COMPLAINT

## FACTS

On or about November 22, 2019, Defendants' recklessly operated their truck and failed to keep a proper lookout. Defendant Brown struck Plaintiff's vehicle while he tried to make a U-Turn around Plaintiff. Plaintiff suffered bodily injuries and damages as a result of the wreck. At the time of the wreck, Defendant Brown worked for Johnson Bros. Corporation, a Southland Company, LLC ("Southland.") and was operating his truck at Southland direction within the line and scope of his employment.

## COUNT ONE - NEGLIGENCE

1.     At the aforesaid time and place, Defendants, and/or fictitious defendants, negligently caused or allowed the truck that Defendant Brown operated to strike the motor vehicle operated by Plaintiff.

2.     As a proximate consequence of the negligence of the Defendants, and/or Fictitious Defendants, Plaintiff was injured and damaged as follows:

- Plaintiff suffered injury to his neck, back, head and hip;

- Plaintiff was knocked, shocked, bruised and contused over various portions of his body;

- Plaintiff may be permanently injured and damaged;

DOCUMENT 2

- Plaintiff suffered great physical pain and mental anguish;

- Plaintiff was caused to incur expenses for treatment from various doctors, physicians, and hospitals;

- Plaintiff may continue to incur expenses for treatment from various doctors, physicians and hospitals;

- Plaintiff was caused to incur aggravation and or exacerbation to then exiting conditions that either did or did not know of at the time of this wreck;

- Plaintiff was caused to suffer lost wages or loss of income; and

- Plaintiff's vehicle was torn, twisted and diminished in value as a result of this accident.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO - WANTONNESS

3.      Plaintiff hereby re-alleges all of the allegations contained in the preceding paragraphs of this Complaint as if here again set out in both letter and number.

4.      At the aforesaid time and place, Defendants, and/or Fictitious Defendants, wantonly caused or allowed their truck, while making an illegal U-Turn on the interstate, to strike the motor vehicle operated by Plaintiff.

5.      As a proximate consequence of the Defendant Brown's and/or fictitious Defendants' reckless actions, Plaintiff was injured and damaged as set forth in paragraph 2 above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, and/or fictitious defendants, for compensatory and punitive damages the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE - RESPONDEAT SUPERIOR AND AGENCY

10.    Plaintiff hereby re-alleges all of the allegations contained in the preceding paragraphs of this Complaint as if here again set out in both letter and number.

11.    Defendant Brown was the agent and employee of Southland, and/or Fictitious Defendants who are liable for any negligent and/or wanton acts committed by Defendant Brown while he was acting within the line and scope of his employment.

12.    Defendants negligently and/or wantonly caused or allowed the truck Mr. Brown operated on the occasion made the basis of this lawsuit to enter the lane of travel that Plaintiff's vehicle was occupying.

13.    Defendant Brown, was acting within the line and scope of his employment on the occasion made the basis of this lawsuit.

14.    As a proximate consequence of the negligence and/or wantonness of Defendant Brown, Southland and/or Fictitious Defendants, are liable to the Plaintiff for the damages set forth in paragraph 2 of the Complaint under the theories of respondeat superior and agency.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff hereby demands judgment against the Defendants, and/or fictitious Defendants, in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR – NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

15.    Plaintiff hereby re-alleges all of the allegations contained in the preceding paragraphs of this Complaint as if here again set out in both letter and number.

16. Defendants and/or fictitiously-described Defendants negligently hired, supervised, trained and retained its agents, employees, servants and/or contractors, including but not limited to Fictitious Defendants, and Defendant Brown.

17. Defendants Southland and/or fictitiously described Defendants further negligently failed to adequately train, supervise and/or monitor the activities of its agents, employees, servants and/or contractors, including but not limited to fictitiously-described defendants, Defendant Brown, and negligently failed to detect and/or deter the negligent or otherwise wrongful conduct by its agents, employees, servants and/or contractors, including but not limited to fictitiously-described defendants and Defendant Brown.

18. The negligence of the Defendants and/or one or more of the Fictitious Defendants previously identified was the proximate and/or combining and concurring cause of Plaintiff's injuries and damages as set out in paragraph 2 above and incorporated herein.

WHEREFORE, on the basis of the foregoing, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendants and fictitiously described Defendants for compensatory and punitive damages in an amount that will adequately compensate Plaintiff for the injuries and damages he sustained due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct. Further, Plaintiff requests that the Court enter judgment consistent with the verdict of either this Honorable Court or the jury, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

Plaintiff demands trial by struck jury.

Respectfully Submitted,

/s/ Charles T. Greene

Charles Greene (GRE120)
Attorney for Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
2900 First Ave. South
Birmingham, Alabama 35233
Phone:        (205) 203-4090
Legal Asst.:  (205) 203-4290
Email:        cgreene@asilpc.com

Plaintiff's Address:
Jerreld Welch
c/o Charles Greene
Shunnarah Injury Lawyers, P.C.
2900 First Ave. South
Birmingham, AL 35222

**CLERK TO SERVE DEFENDANTS BY CERTIFIED MAIL WITH DISCOVERY AS FOLLOWS:**

Michael Brown
501 Eastmeadow Lane
Northlake, TX 76226

Johnson Bros. Corporation, a Southland Company
Attn: Southland Holdings
c/o National Registered Agents, INC.
2 North Jackson Street Suite 605
Montgomery, AL 36104.

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **Jerreld Welch;** | ) |
| | ) |
| | ) |
| **Plaintiff,** | )   ***JURY TRIAL IS REQUESTED*** |
| | ) |
| **v.** | )   **Case No.** |
| | ) |
| **Michael Brown; Johnson** | ) |
| **Bros. Corporation, a** | ) |
| **Southland Company, LLC** | |

### PLAINTIFF'S REQUEST FOR ADMISSIONS
### TO DEFENDANT SOUTHLAND HOLDINGS, LLC

COME NOW Plaintiff, and, in accordance with Rule 36 of the Alabama Rules of Civil Procedure, requests Johnson Bros. Corporation, a Southland Company, LLC to admit or deny the truthfulness of the following statements, factual opinions, applications of law, and/or the genuineness of any described document.

1.      Admit or deny that you were properly named.
**RESPONSE:**

2.      Admit or deny that you were properly served.
**RESPONSE:**

3.      Admit or deny that Mr. Brown caused the wreck made the basis of this lawsuit.
**RESPONSE:**

4.       Admit or deny that Plaintiff did nothing to proximately cause and/or contribute to the accident made the basis of this lawsuit.
**RESPONSE:**

5.      Admit or deny that at the time of the accident made the basis of this lawsuit, your vehicle did not suffer from any mechanical defect or failure which proximately contributed to the accident.
**RESPONSE:**

6.      Admit or deny Defendant Brown had the last opportunity to avoid the wreck made the basis

of this lawsuit.

**RESPONSE:**

7.    Admit or deny that no road defects proximately caused or contributed to the accident made the basis of this lawsuit.

**RESPONSE:**

8.    Admit or deny that no foreign objects or material in the roadway proximately caused or contributed to the accident made the basis of this lawsuit.

**RESPONSE:**

9.    Admit or deny that Mr. Brown was your employee on the day of the wreck.

**RESPONSE:**

10.   Admit or deny that Mr. Brown was performing the job assigned to him by you on the day of this wreck.

**RESPONSE:**


Respectfully Submitted,


/s/ Charles T. Greene
**Charles T. Greene (GRE120)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 First Avenue South
Birmingham, AL 35233
(205) 203-4090
(205) 203-4190 – Facsimile


**TO BE SERVED WITH COMPLAINT**

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **Jerreld Welch;** | ) |
| | ) |
| | ) |
| **Plaintiff,** | )    ***JURY TRIAL IS REQUESTED*** |
| | ) |
| **v.** | )    **Case No.** |
| | ) |
| **Michael Brown; Johnson** | ) |
| **Bros. Corporation, a** | ) |
| **Southland Company, LLC** | |

## PLAINTIFF'S FIRST SET
## OF INTERROGATORIES TO SOUTHLAND HOLDINGS, LLC

**COME NOW,** the Plaintiff in the above-styled cause, and hereby propound the following interrogatories to Johnson Bros. Corporation, a Southland Company be answered separately and severally in the manner and form provided by law:

1.    Describe completely and in detail the vehicle driven by Mr. Brown, on the occurrence made the basis of this lawsuit.

**ANSWER**:

2.    State the full name and present address of the owner of said motor vehicle on the date of the occurrence made the basis of this lawsuit.

**ANSWER**:

3.    State the full name and present address of the driver of the said vehicle on the occasion made the basis of this lawsuit.

**ANSWER**:

4.    On whose business or behalf was Defendant Brown acting on the occasion made the basis of this lawsuit?

**ANSWER**:

5.    State fully the purpose of the trip being made by Defendant Brown on the occasion made the basis of this lawsuit.

**ANSWER**:

6.    From what point had Mr. Brown last departed immediately prior to the occasion made the basis of this lawsuit?

**ANSWER**:

7.    What was the destination of Mr. Brown at the time of the occurrence made the basis of this lawsuit?

**ANSWER**:

8.    Was Mr. Brown performing a mission, errand or duty for anybody other than one Southland Paving on the occasion made the basis of this lawsuit? If so, state the nature of the mission, errand or duty and give the name and address for the person, firm, corporation, or other entity for whom, said mission, errand or duty was being performed.

**ANSWER**:

9.    State specifically and in detail exactly how the collision made the basis of this suit occurred describing chronologically the events that occurred leading up to and following the collision.

**ANSWER**:

10.    State the speed of Mr. Brown's vehicle at the time of the collision made the basis of this lawsuit and for the 500 feet preceding the collision made the basis of this lawsuit.

**ANSWER**:

11.    State whether any of the occupants, including the driver, of the vehicle driven by the Defendant Brown, involved in the collision made the basis of this lawsuit, had consumed any intoxicating beverages within the 12 hour period immediately preceding the collision made the basis of this lawsuit. If so, please identify the beverages consumed, and in what amounts.

**ANSWER**:

12.    State whether the Defendant Brown had taken any drugs or medication, whether prescribed, over-the-counter, or otherwise, within the 12 hour period immediately preceding the collision made the basis of this lawsuit. If so, please identify the medication, the dosage taken, and if prescribed by a doctor, the prescribing physician, and the reason for taking such medication.

**ANSWER**:

13.   Does Southland possess any statements, oral, written or recorded, which in any way relates to the incident made the basis of this lawsuit? If your answer is in the affirmative, please attach a copy of any and all such statements to your responses to these interrogatories.

**ANSWER:**

14.   Does Southland possess any photographs or videotapes related in any way to the collision made the basis of this lawsuit? If your answer is in the affirmative, please attach color copies of all such photographs to your responses to these interrogatories.

**ANSWER:**

15.   State in what direction and along what street or avenue each of the motor vehicles involved in the collision made the basis of this lawsuit were traveling on the occasion of said collision.

**ANSWER:**

18.   State whether any emergency lights or other signals were given as a warning by the operator of any of the vehicles involved in the collision made the basis of this lawsuit prior to said collision.

**ANSWER:**

19.   State if there were any cellular phones, beepers and/or pagers, car phones, mobile phones, two-way radios, CB radios, etc., or other communicative devices in the Defendant's vehicle at the time of, or immediately prior to, the collision made the basis of this lawsuit. If the answer is yes, please answer the following:

(a)   Was said communicative device being operated at the time of the collision made the basis of this lawsuit?

(b)   Who provides service for said communicative device, i.e., who is the carrier of said service? Please list the correct name, address and account number of said service.

(c)   Please produce the billing statement for the month of the collision made the basis of this suit, including but not limited to, any and all itemization of calls, transactions, etc.

**ANSWER:**

16.   State whether Defendant's truck was equipped with cameras. If so, describe the location of each camera.

**ANSWER:**

17. State whether there were any other vehicles at or near the scene of the collision made the basis of this lawsuit at the time of or immediately prior to said collision.

**ANSWER**:

18. Describe fully and in detail the weather conditions at the time of the collision made the basis of this lawsuit.

**ANSWER**:

19. Do you contend that some mechanical failure or defect in your vehicle or the road or any other thing played a part in causing said incident to occur? If your answer is in the affirmative, then describe:

(a) The thing that failed and how it failed and/or describe the defect and in your description state how it contributed to causing the occurrence of said collision made the basis of this lawsuit.

(b) How and in what manner any such failure or defect contributed to causing the collision made the basis of this lawsuit.

(c) The names and addresses of each and every witness who has knowledge of any facts upon which this contention is based.

(d) The facts and evidence upon which this contention is based.

**ANSWER**:

20. State whether at the time of the collision made the basis of this lawsuit there was in effect one or more policies of insurance by which the vehicle Mr. Brown was operating or which you owned was insured in any manner regarding any claims resulting from said collision. If your answer is in the affirmative, then please state the full name and present address of the issuing company, the policy number, the named insured, and the limits of liability coverage.

**ANSWER**:

21. Please state whether you contend any person, firm, corporation, partnership or other entity contributed to cause the collision made the basis of this lawsuit. If your answer is in the affirmative, please state with specificity which person, firm, corporation, partnership or other entity you claim contributed to cause the collision made the basis of this lawsuit, and specifically, what said person, firm, corporation, partnership or other entity did to contribute to cause the collision made the basis of this lawsuit.

**ANSWER**:

22.    Please state the names and addresses of the witnesses you intend to call at the trial of this cause.

**ANSWER**:

23.    Please state the name and address of each and every expert witness who will testify on your behalf in the trial of this case.  Please attach a copy of said expert's Curriculum Vitae and\or resume.

**ANSWER**:

24.    Please state with specificity what exhibits upon which you intend to rely at the trial of this cause.

**ANSWER**:

25.    Please list any and all traffic citations and/or moving violations issued to any Southland driver, including Mr. Brown, in the past 10 years, including the nature of the violation, the jurisdiction in which the violation occurred, any relevant Court Case No., and the disposition of any violation.

**ANSWER**:

26.    Please list each and every accident involving a vehicle owned or operated by the Southland Defendants for the past 10 years to the present, including the date of the accident, the location of the accident, and the driver.

**ANSWER**:

27.    If you have ever been a party to a lawsuit, either as plaintiff or defendant, please provide the court in which the lawsuit was filed, the case number, and the disposition of said lawsuit.

**ANSWER**:

28.    Please list the names and addresses of any person known to the Southland who has any knowledge of or information regarding the collision in question, including but not limited to passengers riding with Defendant at the time of the collision, eyewitnesses, 911 call operators, EMT personnel, etc.

**ANSWER**:

29.    Have you read and understood each question in the foregoing interrogatories?  If your answer is no, please state which Interrogatory you did not read and\or understand and why.

**ANSWER**:

30.    Do you understand that these interrogatories are answered under oath and may be used at the trial of this cause of action?

**ANSWER**:

Respectfully Submitted,


/s/ Charles T. Greene
**Charles T. Greene (GRE120)**


**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 First Avenue South
Birmingham, AL 35233
(205) 203-4090
(205) 203-4190 - Facsimile

**<u>TO BE SERVED WITH COMPLAINT</u>**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| Jerreld Welch; | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Michael Brown; Johnson | ) | |
| Bros. Corporation, a | ) | |
| Southland Company, LLC | | |

## PLAINTIFF'S REQUEST FOR ADMISSIONS
## TO DEFENDANT MICHAEL BROWN

COMES NOW Plaintiff, and, in accordance with Rule 36 of the Alabama Rules of Civil Procedure, requests Defendant Michael Brown, to admit or deny the truthfulness of the following statements, factual opinions, applications of law, and/or the genuineness of any described document.

1.     Admit or deny that jurisdiction and venue of this matter is proper in the Circuit Court of Jefferson County, Alabama.

**RESPONSE:**


2.     Admit or deny you were properly named.
**RESPONSE:**


3.     Admit or deny you were properly served.
**RESPONSE:**


4.     Admit or deny that you caused the wreck made the basis of this lawsuit.
**RESPONSE:**


5.     Admit or deny that you are at fault for the wreck made the basis of this lawsuit.
**RESPONSE:**


6.     Admit or deny that Plaintiff did nothing to proximately cause and/or contribute to the

accident made the basis of this lawsuit.

**RESPONSE:**


7.      Admit or deny that at the time of the accident made the basis of this lawsuit, your vehicle did not suffer from any mechanical defect or failure which proximately contributed to the accident.

**RESPONSE:**


8.      Admit or deny you had the last opportunity to avoid the wreck made the basis of this lawsuit.

**RESPONSE:**


9.      Admit or deny that no road defects proximately caused or contributed to the accident made the basis of this lawsuit.

**RESPONSE:**


10.     Admit or deny that no foreign objects or material in the roadway proximately caused or contributed to the accident made the basis of this lawsuit.

**RESPONSE:**


11.     Admit or deny that the accident made the basis of this lawsuit occurred on November 22, 2019.

**RESPONSE:**


12.     Admit or deny that, on the day of the wreck, your employer was either Southland Holdings, LLC.

**RESPONSE:**


13.     Admit or deny that, on the day of the wreck, you were performing the job assigned to you by your employer.

**RESPONSE:**


Respectfully Submitted,


/s/ Charles T. Greene
**Charles T. Greene (GRE120)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 First Avenue South
Birmingham, AL 35233
(205) 203-4090
(205) 203-4190 – Facsimile

## TO BE SERVED WITH COMPLAINT

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| Jerreld Welch; | ) |
| | ) |
| | ) |
| Plaintiff, | )    *JURY TRIAL IS REQUESTED* |
| | ) |
| v. | )    Case No. |
| | ) |
| Michael Brown; Johnson | ) |
| Bros. Corporation, a | ) |
| Southland Company, LLC | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT MICHAEL BROWN

COMES NOW, the Plaintiff in the above-styled cause, and hereby propounds the following interrogatories to Defendant Michael Brown to be answered separately and severally in the manner and form provided by law:

1.    Is your name correctly stated in the Complaint on file in this cause?  If not, please state the correct way that this Defendant should be designated as a party in an action of law at the time of the occurrence made the basis of this suit and at the time that these interrogatories are answered.

ANSWER:

2.    Describe completely and in detail the vehicle driven by you, on the occurrence made the basis of this lawsuit.

ANSWER:

3.    State the full name and present address of the owner of said motor vehicle on the date of the occurrence made the basis of this lawsuit.

ANSWER:

4.    State the full name and present address of the driver of the said vehicle on the occasion made the basis of this lawsuit.

ANSWER:

5.     If the owner of said vehicle involved in the occurrence made the basis of this lawsuit was not the driver, explain fully and in detail the presence of the driver of said vehicle.

**ANSWER:**

6.     On whose business or behalf were you acting on the occasion made the basis of this lawsuit?

**ANSWER:**

7.     State fully the purpose of the trip being made by you on the occasion made the basis of this lawsuit.

**ANSWER:**

8.     From what point had you last departed immediately prior to the occasion made the basis of this lawsuit?

**ANSWER:**

9.     What was your planned destination at the time of the occurrence made the basis of this lawsuit?

**ANSWER:**

10.     Were you performing a mission, errand or duty for anybody other than one of the Southland Defendants on the occasion made the basis of this lawsuit?  If so, state the nature of the mission, errand or duty and give the name and address for the person, firm, corporation, or other entity for whom, said mission, errand or duty was being performed.

**ANSWER:**

11.     State specifically and in detail exactly how the collision made the basis of this suit occurred describing chronologically the events that occurred leading up to and following the collision.

**ANSWER:**

12.     State the speed of your vehicle at the time of the collision made the basis of this lawsuit and for the 500 feet preceding the collision made the basis of this lawsuit.

**ANSWER:**

13.    State whether any of the occupants, including the driver, of the vehicle driven by the Defendant, involved in the collision made the basis of this lawsuit, had consumed any intoxicating beverages within the 12 hour period immediately preceding the collision made the basis of this lawsuit.  If so, please identify the beverages consumed, and in what amounts.

**ANSWER**:

14.    State whether you had taken any drugs or medication, whether prescribed, over-the-counter, or otherwise, within the 12 hour period immediately preceding the collision made the basis of this lawsuit.  If so, please identify the medication, the dosage taken, and if prescribed by a doctor, the prescribing physician, and the reason for taking such medication.

**ANSWER**:

15.    Do you possess any statements, oral, written or recorded, which in any way relates to the incident made the basis of this lawsuit?  If your answer is in the affirmative, please attach a copy of all such statements to your responses to these interrogatories.

**ANSWER**:

16.    Do you possess any photographs or videotapes related in any way to the collision made the basis of this lawsuit?  If your answer is in the affirmative, please attach color copies of all such photographs to your responses to these interrogatories.

**ANSWER**:

17.    State in what direction and along what street or avenue each of the motor vehicles involved in the collision made the basis of this lawsuit were traveling on the occasion of said collision.

**ANSWER**:

18.    State whether any emergency lights or other signals were given as a warning by the operator of any of the vehicles involved in the collision made the basis of this lawsuit prior to said collision.

**ANSWER**:

19.    State if there were any cellular phones, beepers and/or pagers, car phones, mobile phones, two-way radios, CB radios, etc., or other communicative devices in your vehicle at the time of, or immediately prior to, the collision made the basis of this lawsuit.  If the answer is yes, please answer the following:

(a)  Was said communicative device being operated at the time of the collision made the basis of this lawsuit?

(b)  Who provides service for said communicative device, i.e., who is the carrier of said service?  Please list the correct name, address and account number of said service.

(c)  Please produce the billing statement for the month of the collision made the basis of this suit, including but not limited to, any and all itemization of calls, transactions, etc.

**ANSWER**:

20.  State whether your truck was equipped with cameras.  If so, describe the location of each camera.

**ANSWER**:

21.  State whether your truck was equipped with a lane departure warning system.

**ANSWER**:

22.  State whether there were any other vehicles at or near the scene of the collision made the basis of this lawsuit at the time of or immediately prior to said collision.

**ANSWER**:

23.  Describe fully and in detail the weather conditions at the time of the collision made the basis of this lawsuit.

**ANSWER**:

24.  Do you contend that some mechanical failure or defect in your vehicle or the road or any other thing played a part in causing said incident to occur?  If your answer is in the affirmative, then describe:

(a)  The thing that failed and how it failed and/or describe the defect and in your description state how it contributed to causing the occurrence of said collision made the basis of this lawsuit.

(b)  How and in what manner any such failure or defect contributed to causing the collision made the basis of this lawsuit.

(c)   The names and addresses of each and every witness who has knowledge of any facts upon which this contention is based.

(d)   The facts and evidence upon which this contention is based.

**ANSWER:**

25.   Please state whether you contend any person, firm, corporation, partnership or other entity contributed to cause the collision made the basis of this lawsuit. If your answer is in the affirmative, please state with specificity which person, firm, corporation, partnership or other entity you claim contributed to cause the collision made the basis of this lawsuit, and specifically, what said person, firm, corporation, partnership or other entity did to contribute to cause the collision made the basis of this lawsuit.

**ANSWER:**

26.   Please state the names and addresses of the witnesses you intend to call at the trial of this cause.

**ANSWER:**

27.   Please state the name and address of each and every expert witness who will testify on your behalf in the trial of this case. Please attach a copy of said expert's Curriculum Vitae and\or resume.

**ANSWER:**

28.   Please state with specificity what exhibits upon which you intend to rely at the trial of this cause.

**ANSWER:**

29.   Please list any and all traffic citations and/or moving violations issued to any Southland driver, including Mr. Brown, in the past 10 years, including the nature of the violation, the jurisdiction in which the violation occurred, any relevant Court Case No., and the disposition of any violation.

**ANSWER:**

30.   Has your driver's licensed ever been suspended or revoked? If so, state the date of such suspension or revocation, the reason for such suspension or revocation, the duration of the suspension or revocation, and the governmental entity who issued such revocation or suspension.

**ANSWER:**

31.    Please list each and every accident in which you have been involved for the past 10 years to the present, including the date of the accident, the location of the accident, and the driver.

**ANSWER**:

32.    If you have ever been a party to a lawsuit, either as plaintiff or defendant, please provide the court in which the lawsuit was filed, the case number, and the disposition of said lawsuit.

**ANSWER**:

33.    Please list the names and addresses of any person known to you who have any knowledge of or information regarding the collision in question, including but not limited to passengers riding with Defendant at the time of the collision, eyewitnesses, 911 call operators, EMT personnel, etc.

**ANSWER**:

34.    Please provide a complete work history, including but not limited to all jobs at which you drove a flatbed truck.

**ANSWER**:

35.    Have you read and understood each question in the foregoing interrogatories?  If your answer is no, please state which Interrogatory you did not read and\or understand and why.

**ANSWER**:

36.    Identify the person responsible for training, monitoring and disciplining drivers at Southland Holdings, LLC.

**ANSWER**:

37.    Identify everyone at Southland Holdings, LLC with whom you have discussed the wreck (discussed includes but is not limited to text messages.  Thus, please preserve your cell phone) that makes the basis of this lawsuit and state whether you received any disciplinary reprimand related to the wreck.

**ANSWER**:

38.    Do you understand that these interrogatories are answered under oath and may be used at the trial of this cause of action?

**ANSWER**:

Respectfully Submitted,


/s/ Charles T. Greene
**Charles T. Greene (GRE120)**


**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 First Avenue South
Birmingham, AL 35233
(205) 203-4090
(205) 203-4190 - Facsimile

### TO BE SERVED WITH COMPLAINT

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **Jerreld Welch;** | ) |
| | ) |
| | ) |
| **Plaintiff,** | )    ***JURY TRIAL IS REQUESTED*** |
| | ) |
| **v.** | )    **Case No.** |
| | ) |
| **Michael Brown; Johnson** | ) |
| **Bros. Corporation, a** | ) |
| **Southland Company, LLC** | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT MICHAEL BROWN

COMES NOW Plaintiff in the above-styled cause and asks that Defendant Michael Brown respond to the following requests for production within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff asks that Mr. Brown attach a copy of each and every document referred to in any of the requests for production or in Defendant's response thereto or that Defendant states the date and time that said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

These requests for production shall be deemed to require supplemental responses upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this case.

### REQUESTS FOR PRODUCTION

1.     Produce a copy of your driver's license and commercial vehicle certification, if you have one.

**RESPONSE:**

2.    Produce copies of any photographs or videos of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence and the automobile involved in said occurrence.

**RESPONSE:**

3.    Produce every document pertaining to damage sustained by the vehicles involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

**RESPONSE:**

4.    Produce a list of any and all lawsuits (past or present) against you claiming injury, death or damage due to a motor vehicle accident. This should include the civil action number of any such lawsuits, location of filing, current disposition and identify plaintiff and defense counsel.

**RESPONSE:**

5.    Produce a list of all witnesses to be called at the trial of this case.

**RESPONSE:**

6.    Produce a list of all exhibits to be used at the trial of this case.

**RESPONSE:**

7.    Produce a list of all expert witnesses to be called at the trial of this case.

**RESPONSE:**

8.    Produce copies of any and all résumés or similar documents setting forth the educational background and qualifications of each and every expert witness who you expect to testify at the trial of this case.

**RESPONSE:**

9.      Produce a copy of any and all statements, whether recorded or written, taken of each Plaintiff or any member of Plaintiff's family at any time.

**RESPONSE:**

10.     Produce a copy of any and all statements, whether recorded or written, taken of any witness and/or anyone with any knowledge whatsoever of the incident made the basis of this lawsuit.

**RESPONSE:**

11.     Produce a copy of your driving history, including, but not limited to, each and every citation received by you for the last ten (10) years.

**RESPONSE:**

12.     Produce a copy of your insurance policy for coverage on your motor vehicle at the time of the occurrence made the basis of this lawsuit, including the limits of liability.

**RESPONSE:**

13.     Produce a copy of each and every accident report filled out where your drivers have been involved in a motor vehicle accident for the last ten (10) years.

**RESPONSE:**

14.     Produce a copy of any and all photographs, videotapes, discs, diagrams, recordings or other reproductions of any kind in the possession of the defendants of any person, scene, or vehicle relating to the occurrence made the basis of this lawsuit.

**RESPONSE:**

15.     Produce a copy of your investigation file for this wreck that makes the basis of this lawsuit.

**RESPONSE:**

                              Respectfully Submitted,


                              /s/ Charles T. Greene

**Charles T. Greene (GRE120)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 First Avenue South
Birmingham, AL 35233
(205) 203-4090
(205) 203-4190 - Facsimile

**TO BE SERVED WITH COMPLAINT**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| Jerreld Welch; | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | *JURY TRIAL IS REQUESTED* |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Michael Brown; Johnson | ) | |
| Bros. Corporation, a | ) | |
| Southland Company, LLC | | |

**PLAINTIFF'S FIRST**
**REQUEST FOR PRODUCTION TO JOHNSON BROS. CORPORATION, LLC**

COMES NOW Plaintiff in the above-styled cause and asks that Defendant Johnson Bros.

Corporation, LLC ("Southland or "Defendant"), respond to the following requests for production

within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff asks that

Southland attach a copy of each and every document referred to in any of the requests for

production or in Defendant's response thereto or that Defendant states the date and time that said

documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

These requests for production shall be deemed to require supplemental responses upon

receipt of additional information by this Defendant or this Defendant's attorney after your original

response. Any such supplemental responses are to be filed and served upon counsel for Plaintiff

within thirty (30) days from receipt of such additional information, but not later than the first of

the trial of this case.

**REQUESTS FOR PRODUCTION**

1.     Produce a copy of the background check completed on Mr. Brown before he was hired.

**RESPONSE:**

2.      Produce a full copy of the investigation file for the wreck in question, including copies of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence and the automobile involved in said occurrence.

**RESPONSE:**

3.      Produce every document pertaining to damage sustained by the vehicles involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

**RESPONSE:**

4.      Produce a list of any and all lawsuits (past or present) against Southland claiming injury, death or damage due to a motor vehicle accident.  This should include the civil action number of any such lawsuits, location of filing, current disposition and identify plaintiff and defense counsel.

**RESPONSE:**

5.      Produce a list of all witnesses to be called at the trial of this case.

**RESPONSE:**

6.      Produce a list of all exhibits to be used at the trial of this case.

**RESPONSE:**

7.      Produce a list of all expert witnesses to be called at the trial of this case.

**RESPONSE:**

8.      Produce copies of any and all résumés or similar documents setting forth the educational background and qualifications of each and every expert witness who you expect to testify at the trial of this case.

**RESPONSE:**


9.     Produce a copy of any and all statements, whether recorded or written, taken of each Plaintiff or any member of Plaintiff's family at any time.

**RESPONSE:**

10.    Produce a copy of any and all statements, whether recorded or written, taken of any witness and/or anyone with any knowledge whatsoever of the incident made the basis of this lawsuit.

**RESPONSE:**

11.    Produce a copy of your insurance policy for coverage of liability of your employees at the time of the occurrence made the basis of this lawsuit, including the limits of liability.

**RESPONSE:**

12.    Produce a copy of each and every accident report filled out where your drivers have been involved in a motor vehicle accident for the last ten (10) years.

**RESPONSE:**

13.    Produce a copy of any and all photographs, videotapes, discs, diagrams, recordings or other reproductions of any kind in the possession of the defendants of any person, scene, or vehicle relating to the occurrence made the basis of this lawsuit.

**RESPONSE:**

14.    Produce a copy of your investigation file for this wreck that makes the basis of this lawsuit.

**RESPONSE:**

15.    Produce every document received via subpoena.

**RESPONSE:**

16.    Produce Mr. Brown's personnel file.

**RESPONSE:**

                                          Respectfully Submitted,


                                          /s/ Charles T. Greene
                                          **Charles T. Greene (GRE120)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 First Avenue South
Birmingham, AL 35233
(205) 203-4090
(205) 203-4190 - Facsimile

**TO BE SERVED WITH COMPLAINT**



AlaFile E-Notice

01-CV-2021-902379.00

To:   RUSSELL Q. ALLISON
       rallison@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JERRELD WELCH V. MICHAEL BROWN ET AL
01-CV-2021-902379.00

The following answer was FILED on 10/22/2021 11:04:38 AM

Notice Date:      10/22/2021 11:04:38 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
10/22/2021 11:04 AM
01-CV-2021-902379.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JERRELD WELCH** | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **V.** | ) | **CASE NO.:  01-CV-2021-902379.00** |
| | ) | |
| **MICHAEL BROWN; JOHNSON BROS.** | ) | |
| **CORPORATION, A SOUTHLAND** | ) | |
| **COMPANY, LLC** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

---

### ANSWER OF JOHNSON BROTHERS

---

COMES NW the Defendant, incorrectly named Johnson Brothers, a Southland Company, LLC, and responds to Plaintiff's Complaint as follows:

1. Denied.

2. Denied.

3. This paragraph does not require a response from this defendant.

4. Denied.

5. Denied.

6. There is no such numbered paragraph.

7. There is no such numbered paragraph.

8. There is no such numbered paragraph.

9. There is no such numbered paragraph.

10. This paragraph does not require a response from this defendant.

11. Denied.

12. Denied.

13.    Denied.

14.    Denied.

15.    This paragraph does not require a response from this defendant.

16.    Denied.

17.    Denied.

18.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Defendant pleads statute of limitations.

### THIRD DEFENSE

Defendant denies each and every material allegation of the Complaint and demand strict proof thereof.

### FOURTH DEFENSE

Defendant pleads contributory negligence.

### FIFTH DEFENSE

Defendant pleads assumption of the risk.

### SIXTH DEFENSE

Defendant contests damages.

### SEVENTH DEFENSE

Defendant pleads intervening, superseding cause.

## EIGHTH DEFENSE

Defendant pleads sudden emergency.

## NINETH DEFENSE

The Defendant is entitled to a set off up to any amount of policy limits available to the Plaintiffs from any other policy of insurance held by any other Defendant in this cause and pleads the same.

## TENTH DEFENSE

The Defendant contests service of process.

## ELEVENTH DEFENSE

The Defendant contests subject matter jurisdiction.

## TWELFTH DEFENSE

The Defendant contests personal jurisdiction.

## THIRTEENTH DEFENSE

An award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

## FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States.

## FIFTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are

not rationally related to the legitimate government interests.

## SIXTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interest.

## SEVENTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment of the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

## EIGHTEENTH DEFENSE

It is violative of the Self-Incrimination clause of the Fifth Amendment of the Constitution of the United States of America to impose against the Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## NINETEENTH DEFENSE

It is violative of the Self-Incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

## TWENTIETH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant

which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## <u>TWENTY-FIRST DEFENSE</u>

Any award of punitive damages to the Plaintiffs in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines clause of the Eighth Amendment of the Constitution of the United States.

## <u>TWENTY-SECOND DEFENSE</u>

The Complaint denies to the Defendant the equal protection of the law contrary to the Fourteenth Amendment of the Constitution of the United States which is specifically contrary to that portion of said Fourteenth Amendment prescribing any State from denying "to any person within its jurisdiction equivalent protection of the laws" in that to do so discriminates against the Defendant in favor of other defendants guilty of negligence and wantonness for the reason that it imposes a higher and different standard for assessing damages against other defendants which cannot be segregated or portioned separately from the amount of damages assessed against these Defendant.

The failure of the law to make provisions for the imposition of but one assessment for damages against all joint tortfeasors, despite different degrees of culpability and wrongdoing, unreasonable acts to establish a classification against this Defendant for acts of negligence and wantonness they did not commit, in contradiction to the Fourteenth Amendment of the Constitution of the United States, and to the provisions of the Constitution of the State of Alabama, which requires the State to afford all persons a protection of the law.

## <u>TWENTY-THIRD DEFENSE</u>

The Defendant asserts the application of State Farm Mutual Auto Insurance Company vs.

Campbell, 123 S.CT. 1513 (2003); Ford Motor Company vs. Smith, 123 S.CT. 2073 (2003); and

Ford Motor Company vs. Romo, 123 S.CT. 2072 (2003).

## <u>TWENTY-FOURTH DEFENSE</u>

This Defendant reserves the right to amend this Answer to add any defense(s) which might

subsequently be revealed through discovery or otherwise.

Respectfully submitted,


/s/  Russell Q. Allison

**GRANT L. SMITH** (SMI381)
**RUSSELL Q. ALLISON** (ALL034)
Attorneys for the Defendants


**<u>OF COUNSEL</u>:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
rallison@carrallison.com
(205) 822-2006

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 22nd day of October, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

√        Using the CM/ECF system which will send notifications of such to the following:


Charles Greene
Shunnarah Injury Lawyers, P.C.
2900 First Ave. South
Birmingham, Alabama 35233
cgreene@asilpc.com


                              /s/  Russell Q. Allison
                              **OF COUNSEL**

ELECTRONICALLY FILED
10/22/2021 12:09 PM
01-CV-2021-902379.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **Jerreld Welch** | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | )     **Case No.:  01-CV-2021-902379.00** |
| | ) |
| **Michael Brown; Johnson Bros.** | ) |
| **Corporation, a Southland** | ) |
| **Company, LLC** | ) |
| | ) |
| **Defendants** | ) |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Clerk of Court

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of the Defendant.

(X)    Interrogatories to Plaintiff
(X)    Request for Production to Plaintiff
(X)    Objection to Request for Production
(X)    Objections to Interrogatories
(X)    Response to Request for Admissions

Respectfully submitted,


/s/  Russell Q. Allison
**RUSSELL Q. ALLISON** (ALL034)
**GRANT L. SMITH** (SMI381)
Attorneys for the Defendants


**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
rallison@carrallison.com
(205) 822-2006

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on the 21st day of October, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

√      Using the CM/ECF system which will send notifications of such to the following:

Charles Greene
Shunnarah Injury Lawyers, P.C.
2900 First Ave. South
Birmingham, Alabama 35233
cgreene@asilpc.com

                    /s/  Russell Q. Allison

                        **OF COUNSEL**

ELECTRONICALLY FILED
10/22/2021 12:09 PM
01-CV-2021-902379.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **Jerreld Welch** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  01-CV-2021-902379.00** |
| | ) | |
| **Michael Brown; Johnson Bros.** | ) | |
| **Corporation, a Southland** | ) | |
| **Company, LLC** | ) | |
| | ) | |
| **Defendants** | ) | |

---

## RESPONSE TO REQUEST FOR ADMISSIONS

---

COMES NW the Defendant, Johnson Bros. Corporation, a Southland Company, LLC, and responds to Plaintiff's Request for Admissions as follows:

1. Admitted.

2. Admitted.

3. Denied.

4. Denied.

5. Admitted.

6. Denied.

7. This defendant does not have enough information to admit or deny this Request for Admission, therefore, it is denied.

8. This defendant does not have enough information to admit or deny this Request for Admission, therefore, it is denied.

9. Admitted.

10. Admitted.

Respectfully submitted,

/s/  Russell Q. Allison
**RUSSELL Q. ALLISON** (ALL034)
**GRANT L. SMITH** (SMI381)
Attorneys for the Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
rallison@carrallison.com
(205) 822-2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

√      Using the CM/ECF system which will send notifications of such to the following:

Charles Greene
Shunnarah Injury Lawyers, P.C.
2900 First Ave. South
Birmingham, Alabama 35233
cgreene@asilpc.com

/s/  Russell Q. Allison
**OF COUNSEL**

ELECTRONICALLY FILED
10/22/2021 12:09 PM
01-CV-2021-902379.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JERRELD WELCH** | ) |
|     **PLAINTIFF** | ) |
| | ) |
| **V.** | )    **CASE NO.:  01-CV-2021-902379.00** |
| | ) |
| **MICHAEL BROWN; JOHNSON BROS.** | ) |
| **CORPORATION, A SOUTHLAND** | ) |
| **COMPANY, LLC** | ) |
| | ) |
|     **DEFENDANTS** | ) |

## DEFENDANT JOHNSON BROTHERS OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

COMES NOW the Defendant incorrectly named Johnson Brothers and objects to Plaintiff's Interrogatories as follows:

**INTERROGATORY:**

13.    Does Southland possess any statements, oral, written or recorded, which in any way relates to the incident made the basis of this lawsuit?  If your answer is in the affirmative, please attach a copy of any and all such statements to your responses to these interrogatories.

**OBJECTION:**

To the extent this asks for information prepared in anticipation of litigation, protected by the work product doctrine and/or the attorney/client privilege, the Defendant objects.

**INTERROGATORY:**

14.    Does Southland possess any photographs or videotapes related in any way to the collision made the basis of this lawsuit?  If your answer is in the affirmative, please attach color copies of all such photographs to your responses to these interrogatories.

**OBJECTION:**

To the extent this asks for information prepared in anticipation of litigation, protected by the work product doctrine and/or the attorney/client privilege, the Defendant objects.

**INTERROGATORY:**

22.    Please state the names and addresses of the witnesses you intend to call at the trial of this cause.

**OBJECTION:**

This request is outside the scope of ARCP 26 and the decision of *Ex Parte Dorsey Trailers*, 397 So.2d 98 (Ala. 1981); *Ex Parte Norfolk Southern Railroad Company*, released 9/3/04 by the Alabama Supreme Court; *Ex Parte Pfizer, Inc.*, 746 So.2d 960 (Ala. 1999); *Ex Parte State Farm Mutual Automobile Insurance Company*, 386 So.2d 1133 (Ala. 1980).

**INTERROGATORY:**

23.    Please state the name and address of each and every expert witness who will testify on your behalf in the trial of this case.   Please attach a copy of said expert's curriculum Vitae and\or resume.

**OBJECTION:**

This request is outside the scope of ARCP 26 and the decision of *Ex Parte Dorsey Trailers*, 397 So.2d 98 (Ala. 1981); *Ex Parte Norfolk Southern Railroad Company*, released 9/3/04 by the Alabama Supreme Court; *Ex Parte Pfizer, Inc.*, 746 So.2d 960 (Ala. 1999); *Ex Parte State Farm Mutual Automobile Insurance Company*, 386 So.2d 1133 (Ala. 1980).

**INTERROGATORY:**

24.    Please state with specificity what exhibits upon which you intend to rely at the trial of this cause.

**OBJECTION:**

This request is outside the scope of ARCP 26 and the decision of *Ex Parte Dorsey Trailers*, 397 So.2d 98 (Ala. 1981); *Ex Parte Norfolk Southern Railroad Company*, released 9/3/04 by the Alabama Supreme Court; *Ex Parte Pfizer, Inc.*, 746 So.2d 960 (Ala. 1999); *Ex Parte State Farm Mutual Automobile Insurance Company*, 386 So.2d 1133 (Ala. 1980).

**INTERROGATORY:**

25.     Please list any and all traffic citations and/or moving violations issued to any Southland driver, including Mr. Brown, in the past IO years, including the nature of the violation, the jurisdiction in which the violation occurred, any relevant Court Case No., and the disposition of any violation.

**OBJECTION:**

The Defendant objects to this request as being overly broad, unduly burdensome and vague. In addition, this request is outside the scope of ARCP 26 and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY:**

26.     Please list each and every accident involving a vehicle owned or operated by the Southland Defendants for the past 10 years to the present, including the date of the accident, the location of the accident, and the driver.

**OBJECTION:**

The Defendant objects to this request as being overly broad, unduly burdensome and vague. In addition, this request is outside the scope of ARCP 26 and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY**:

27.    If you have ever been a party to a lawsuit, either as plaintiff or defendant, please provide the court in which the lawsuit was filed, the case number, and the disposition of said lawsuit.

**OBJECTION**:

The Defendant objects to this request as being overly broad, unduly burdensome and vague. In addition, this request is outside the scope of ARCP 26 and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

/s/  Russell Q. Allison
**GRANT L. SMITH** (SMI381)
**RUSSELL Q. ALLISON** (ALL034)
Attorneys for the Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
rallison@carrallison.com
(205) 822-2006

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 21st day of October 2021 I have served a copy of the above and foregoing on counsel for all parties by:

√      Using the CM/ECF system which will send notifications of such to the following:

Charles Greene
Shunnarah Injury Lawyers, P.C.
2900 First Ave. South
Birmingham, Alabama 35233
cgreene@asilpc.com

/s/  Russell Q. Allison
**OF COUNSEL**

ELECTRONICALLY FILED
10/22/2021 12:09 PM
01-CV-2021-902379.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JERRELD WELCH** | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **V.** | ) | **CASE NO.:  01-CV-2019-902379.00** |
| | ) | |
| **MICHAEL BROWN; JOHNSON BROS.** | ) | |
| **CORPORATION, A SOUTHLAND** | ) | |
| **COMPANY, LLC** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

---

**DEFENDANT JOHNSON BROTHERS OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

---

COMES NOW the Defendant incorrectly named Johnson Brothers and objects to Plaintiff's Requests for Production of documents as follows:

**REQUEST:**

2.    Produce a full copy of the investigation file for the wreck in question, including copies of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence and the automobile involved in said occurrence.

**OBJECTION**:

To the extent this asks for information prepared in anticipation of litigation, protected by the work product doctrine and/or the attorney/client privilege, the Defendant objects.

**REQUEST:**

4.    Produce a list of any and all lawsuits (past or present) against Southland claiming injury, death or damage due to a motor vehicle accident. This should include the civil action

number of any such lawsuits, location of filing, current disposition and identify plaintiff and defense counsel.

**OBJECTION**:

The Defendant objects to this request as being overly broad, unduly burdensome and vague. In addition, this request is outside the scope of ARCP 26 and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST:**

5.     Produce a list of all witnesses to be called at the trial of this case.

**OBJECTION**:

This request is outside the scope of ARCP 26 and the decision of *Ex Parte Dorsey Trailers*, 397 So.2d 98 (Ala. 1981); *Ex Parte Norfolk Southern Railroad Company*, released 9/3/04 by the Alabama Supreme Court; *Ex Parte Pfizer, Inc.*, 746 So.2d 960 (Ala. 1999); *Ex Parte State Farm Mutual Automobile Insurance Company*, 386 So.2d 1133 (Ala. 1980).  This defendant will comply with the Court's Scheduling Order on such disclosures.

**REQUEST:**

6.     Produce a list of all exhibits to be used at the trial of this case.

**OBJECTION**:

This request is outside the scope of ARCP 26 and the decision of *Ex Parte Dorsey Trailers*, 397 So.2d 98 (Ala. 1981); *Ex Parte Norfolk Southern Railroad Company*, released 9/3/04 by the Alabama Supreme Court; *Ex Parte Pfizer, Inc.*, 746 So.2d 960 (Ala. 1999); *Ex Parte State Farm Mutual Automobile Insurance Company*, 386 So.2d 1133 (Ala. 1980).  This defendant will comply with the Court's Scheduling Order on such disclosures.

**REQUEST**:

      7.      Produce a list of all expert witnesses to be called at the trial of this case.

**OBJECTION**:

      This request is outside the scope of ARCP 26 and the decision of *Ex Parte Dorsey Trailers*, 397 So.2d 98 (Ala. 1981); *Ex Parte Norfolk Southern Railroad Company*, released 9/3/04 by the Alabama Supreme Court; *Ex Parte Pfizer, Inc.*, 746 So.2d 960 (Ala. 1999); *Ex Parte State Farm Mutual Automobile Insurance Company*, 386 So.2d 1133 (Ala. 1980). This defendant will comply with the Court's Scheduling Order on such disclosures.

**REQUEST**:

      8.      Produce copies of any and all resumes or similar documents setting forth the educational background and qualifications of each and every expert witness who you expect to testify at the trial of this case. This defendant will comply with the Court's Scheduling Order on such disclosures.

**REQUEST**:

      9.      Produce a copy of any and all statements, whether recorded or written, taken of each Plaintiff or any member of Plaintiff's family at any time.

**OBJECTION:**

      The Defendant objects to providing any statements taken from any individual other than the plaintiff. This is outside the scope of ARCP 26 and not calculated to lead to the discovery of admissible evidence. In addition, this information is protected by the work product doctrine, the attorney/client privilege and/or prepared in anticipation of litigation. Any statement of the plaintiff will be produced.

**REQUEST:**

10.     Produce a copy of any and all statements, whether recorded or written, taken of any witness and/or anyone with any knowledge whatsoever of the incident made the basis of this lawsuit.

**OBJECTION**:

To the extent this asks for information prepared in anticipation of litigation, protected by the work product doctrine and/or the attorney/client privilege, the Defendant objects.

**REQUEST:**

12.     Produce a copy of each and every accident report filled out where your drivers have been involved in a motor vehicle accident for the last ten (10) years.

**OBJECTION**:

The Defendant objects to this request as being overly broad, unduly burdensome and vague. In addition, this request is outside the scope of ARCP 26 and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST:**

13.     Produce a copy of any and all photographs, videotapes, discs, diagrams, recordings or other reproductions of any kind in the possession of the defendants of any person, scene, or vehicle relating to the occurrence made the basis of this lawsuit.

**OBJECTION**:

To the extent this asks for information prepared in anticipation of litigation, protected by the work product doctrine and/or the attorney/client privilege, the Defendant objects. This request is outside the scope of ARCP 26 and the decision of *Ex Parte Dorsey Trailers*, 397 So.2d 98 (Ala. 1981); *Ex Parte Norfolk Southern Railroad Company*, released 9/3/04 by the Alabama Supreme

Court; *Ex Parte Pfizer, Inc.*, 746 So.2d 960 (Ala. 1999); *Ex Parte State Farm Mutual Automobile Insurance Company*, 386 So.2d 1133 (Ala. 1980).  To the extent this asks for information that is outside the scope of ARCP 26 and the decision of *Ex Parte Doster Construction Co.,* 772 So.2d 447 (Ala. 2000), the defendant objects.

**REQUEST:**

14.     Produce a copy of your investigation file for this wreck that makes the basis of this lawsuit.

**OBJECTION**:

To the extent this asks for information prepared in anticipation of litigation, protected by the work product doctrine and/or the attorney/client privilege, the Defendant objects.

Respectfully submitted,

/s/  Russell Q. Allison_____
**GRANT L. SMITH** (SMI381)
**RUSSELL Q. ALLISON** (ALL034)
Attorneys for the Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
rallison@carrallison.com
(205) 822-2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of October 2021 I have served a copy of the above and foregoing on counsel for all parties by:

√      Using the CM/ECF system which will send notifications of such to the following:


Charles Greene
Shunnarah Injury Lawyers, P.C.
2900 First Ave. South
Birmingham, Alabama 35233
cgreene@asilpc.com


/s/  Russell Q. Allison
**OF COUNSEL**

ELECTRONICALLY FILED
10/22/2021 12:09 PM
01-CV-2021-902379.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| JERRELD WELCH | ) |
|     PLAINTIFF | ) |
| | ) |
| V. | )    CASE NO.:  01-CV-2021-902379.00 |
| | ) |
| MICHAEL BROWN; JOHNSON BROS. | ) |
| CORPORATION, A SOUTHLAND | ) |
| COMPANY, LLC | ) |
| | ) |
|     DEFENDANTS | ) |

## DEFENDANTS' INTERROGATORIES TO PLAINTIFF

## INSTRUCTIONS

1.     In answering these Interrogatories, you are required to furnish all information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2.     If any information called for by an Interrogatory is withheld because you claimed such information is contained in a privileged document, for each such document state the following:

      (a)     its date and type (e.g. letter, memorandum, etc);

      (b)     its author;

      (c)     to whom addressed;

      (d)     all copy addressees;

      (e)     all other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

      (f)     the description of the subject matter discussed, described, referred to therein;

(g)     the specific reasons why you claim it is privileged; and

(h)     the name of its present custodian.

3.      In addition to the instructions pertaining to the Interrogatory, if the Plaintiffs choose to attach documents in lieu of an answer to a specific Interrogatory, Defendants requests that each document be segregated, organized, identified and specified with respect to the particular numbered request and response to which the documents are being produced.

## **DEFINITIONS**

1.      "Plaintiff", "You", or "Yours" means the named Plaintiff in this case, including agents, attorneys or any other persons acting or purporting to act on behalf of said Plaintiff.

2.      "Identify" or "Identification" shall mean:

(a)     when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation;

(b)     when used in reference to a business entity, the entity's name and address, its principle place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

(c)     when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

3.      "Specify in all possible detail" means to describe completely and accurately the subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

4.      Plural words include the singular equivalent, and singular words include the plural equivalent.

5.      "And" includes the disjunctive "or", and "or" includes the conjunctive "and".

## DUTY OF SUPPLEMENT

You are under a duty seasonably to supplement, update and amend your responses and answers to the following discovery in the following categories:

(A)    Any request or question directly addressed to:

(1)    the identity and location of persons having knowledge of discoverable matters, and

(2)    the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

(B)    Any response or answer to questions or requests, if you obtain information upon the basis of which:

(1)    you know that the prior response was incorrect when made, or

(2)    you know that the response when made is no longer true and the circumstances are such that a failure to amend the response is in substance of knowing concealment.

## INTERROGATORIES

COME NOW the Defendants in the above-styled cause and, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propounds to the Plaintiffs, the following Interrogatories:

1.    State your correct name, age, date of birth, social security number, driver's license number and residence address and name of your spouse.

2.    Are you a Medicare recipient, beneficiary and/or is there a Medicare lien as a result of the claims made the basis of this suit?

3.    Have you ever been convicted of a crime?  If so, please state with specificity each offense, the county and state of said offense.

4.    Have you ever filed for bankruptcy?  If so, please give the case number, date of filing and state whether the bankruptcy has been discharged or not.

5.      Do you have any outstanding child support liens?  If so, please give the state, case number and the amount of the lien.

6.      Describe fully the vehicle occupied by you on the occasion of the alleged accident, stating in your answer the make, year, model and body style of the same.  (a) State the name and address of the owner of said vehicle on the date of said accident.  (b) State the name and address of the driver of said vehicle on said date.

7.      State the name and address of each person occupying said vehicle on the occasion of said accident, stating specifically how and in what manner said occupants were located in or on said vehicle on said occasion.

8.      State fully the purpose of the trip you were making with said vehicle at the time of the alleged accident.  (a)  From what point were you going?  (b) To what point were you going?

9.      State specifically what portions of the vehicles involved in said accident first came in contact with each other.  (a) Describe any other contact that took place.

10.     State your best judgment of the distance in feet each of the vehicles involved in the said accident traveled on said occasion from the moment of the collision to the point where each of said vehicles first came to a stop immediately thereafter.  (a) In what direction did each of said vehicles move from the point of said collision until they came to a complete stop?

11.     State whether you saw the other vehicle involved in said collision at any time prior to the collision.  If so, state (a) specifically where said other vehicle was located when you first observed the same with reference to the point of the collision; (b) your best judgment of the distance in number of feet separating said other vehicle from the point of the collision at the time you first observed said vehicle; (c) your best judgment of the speed in miles per hour of said other vehicle at the moment you first observed same on said occasion; (d) whether said other vehicle

changed its course of travel at any time from the moment you first observed the same until the collision occurred and, if so, then describe fully and in detail what change said vehicle made in the course of its travel.  (e) Did the vehicle occupied by you make any change in the course of its travel from the moment you first observed said other vehicle until the collision occurred and, if so, described fully such change in the course of travel of the vehicle occupied by you.  (f) State your best judgment of distance in number of feet the vehicle occupied by you traveled from the moment you first observed said other vehicle until the said collision occurred.

12.    State fully, specifically and in detail, each and every act or thing done by the operator of the vehicle occupied by you during the last 100 feet of said vehicle's approach to the point of said collision, stating in your answer the chronological order in which said operator did each of said acts or things.

13.    State whether the brakes on the vehicle occupied by you were applied prior to the collision.  If so, state (a) your best judgment of the speed in miles per hour said vehicle was traveling at the moment the brakes were applied; (b) your best judgment of the distance in number of feet said vehicle traveled from the moment the brakes were applied until said collision occurred; (c) your best judgment of the distance said vehicle traveled from point of impact or collision to the point where it first came to rest immediately thereafter. (d) Describe each and every skid mark or tire mark which led up to the point of collision.  (e) Describe each and every skid mark which extended from the point of collision toward the place where either of the motor vehicles involved in the accident came to rest.

14.    State whether any horn or other signal was given as a warning by the operator of either of the motor vehicles involved in said accident prior to the time of the collision.  If so, (a) describe same specifically and in detail; (b) state your best judgment of the distance each of said

vehicles was located from point of said collision at the time said signal was first given by operator of either of said vehicles.

15.     State your best judgment of the speed in miles per hour of the vehicle occupied by you on the occasion of said accident at each of the following points before reaching the point of the collision:  (a) 200 feet; (b) 150 feet; (c) 100 feet; (d) 50 feet; (e) 25 feet; (f) at the moment of the collision.

16.     State your best judgment of the speed in miles per hour of the other vehicle involved in said collision at the following points before reaching the point of the collision:  (a) 200 feet; (b) 150 feet; (c) 100 feet; (d) 50 feet; (e) 25 feet; (f) at the moment of the collision.

17.     State whether there were any other vehicles at or near the scene of the accident at the time of and immediately prior to the time of the same. (a) If so, state the number of such other vehicles and where they were located with reference to the point of the accident at the moment same occurred and whether they played any part in causing said accident to occur.

18.     Did you make any statements in the presence of the operator of the other vehicle involved in the collision following the occurrence of the same?  If so, state (a) when, where and what was said by you; (b) the name and address of each person present when such statement or statements were made.  (c) Did you talk to the police officer who investigated said accident?  If so, state in detail what was said by you.

19.     Did the operator of the other vehicle involved in said accident make any statements in your presence following the occurrence of said accident?  If so, state (a) when, where and what was said by the operator of the other vehicle; (b) the name and address of each person present when such statement or statements were made.

20.     State whether the driver of any of the vehicles involved in the accident made the

basis of this suit had been drinking any intoxicating beverages or used any drugs within the 10 hours next preceding the said accident.  If so, state (a) what alcoholic beverage or drugs had been consumed or used; (b) the quantity of alcoholic beverage or drugs which had been consumed or used; (c) the location at which said alcoholic beverage or drugs had been consumed or used; (d) the time which had elapsed from the last consumption of alcoholic beverage or use of drugs until the time of the accident; (e) the name, residence address and business address of all persons present at the time of the consumption or use thereof.

21.     State in detail what you contend that the Defendant did or did not do to cause the accident alleged in the complaint.  Include in this answer all facts to support such contentions, as well as the names and addresses of all persons who will testify to such facts.

22.     State with specificity each and every fact upon which you base your allegation that Defendants, negligently and/or wantonly trained, retained, hired, supervised or failed to train and supervise the operator of the vehicle at issue.

23.     Did you receive personal injuries in the alleged accident?  (a) If so, describe each and every injury sustained by you.  (b) Have you fully recovered from said injuries at the time you answer these Interrogatories?  (c) If not, from which of said injuries have you not recovered.  (d) To what extent have you not recovered from the same.  (e) Are you still suffering from any of said injuries?  (f) If so, state fully and in detail how and to what extent you are still suffering from the same.

24.     State the names and address of all doctors who have examined or treated you for said injuries.  (a) State your best judgment of the date you were first treated by each of said doctors.  (b) State your best judgment of the nature and kind of treatment given you by each of said doctors.  (c) State your best recollection of the number of times you were examined or treated by each of

said doctors.  (d) When were you last examined or treated by each of said doctors?  (e) Are you still under the care of any doctors for said injuries?  (f) If so, state the name and address of any doctors who are still tending you for your injuries.  (g) For which of said injuries are you still under the care of a doctor?

25.     Have you ever had injuries in the same areas of your body as you contend were injured in this accident?

26.     State the names and addresses of all doctors who have examined or treated you for injuries referred to in 25 above.  (a) State your best judgment of the date you were first treated by each of said doctors.  (b) State your best judgment of the nature and kind of treatment given you by each of said doctors.  (c) State your best recollection of the number of times you were examined or treated by each of said doctors.  (d) When were you last examined or treated by each of said doctors?  (e) Are you still under the care of any doctors for said injuries?  (f) If so, state the name and address of any doctors who are still tending you for your injuries.  (g) For which of said injuries are you still under the care of a doctor?

27.     Make an itemized statement of all expenses incurred on account of your alleged injuries for doctors, hospitals, nurses, appliances and medicines.

28.     State whether any insurance company or any person, firm or corporation other than yourself or your spouse paid all or any portion of any expense for medicine, physicians, dentists, nurses, hospitals or other related care or treatment which you received as a result of the injuries allegedly suffered by you in the accident made the basis of this suit.  If so, state (a) the name of the person, firm or corporation paying such item of expense; (b) which of the items of expense were so paid; (c) the total amount of the expenses so paid.

29.     Have you sustained personal injuries before or after the accident made the basis of

this suit?  If so, state (a) when, where and under what circumstances you sustained such personal injuries; (b) what personal injuries you sustained; (c) the names and addresses of any and all hospitals to which you have been confined for treatment on account of said injuries; (d) the names and addresses of all physicians or other practitioners of the healing arts who treated you for said injuries; (e) the condition for which each physician or other practitioner attended you; (f) the period of time you were attended by each of said physicians or practitioners; (g) when you were last seen professionally by each of said physicians or practitioners; (h) if before, whether you had fully recovered from such injuries at the time of this accident.

30.      Have you ever made claim or filed suit against any person, firm or corporation on account of personal injuries sustained by you prior or subsequent to the date of the accident made the basis of this suit?  If so, state (a) when, where and against whom you made said claim or filed said suit; (b) for what injuries you made said claim or filed said suit; and (c) if you filed suit on any such claim, identify by name and location the court in which said suit or suits were filed.

31.      For each employment you have had currently and in the past ten years, state:  (a) the name and address of your employer; (b) the nature of the duties of your said employment; (c) your average weekly earnings from said employment; (d) the date you first work in said employment; (e) the date you last worked in said employment; (f) the number of working days, if any, you have missed from said employment on account of this accident; (g) your best judgment of the amount of wages or earnings you lost, if any, on account of said injuries from said employment.

32.      State the name and address of each person you or your attorneys contend was a witness to or has any knowledge concerning the issues involved in this suit or any portion thereof. (a) State the substance of what each of said witnesses knows regarding the same.

33.     Do you intend to call any expert witness or witnesses to testify in your behalf on the trial of this cause?  If so, state (a) the name and address of each expert witness you expect to call as a witness; (b) the subject matter on which said expert witness is expected to testify; and (c) the substance of the facts and opinions to which the said expert witness is expected to testify, stating a summary of the grounds of each opinion of said expert witness.

34.     If you claim any sum for damage to your motor vehicle, answer the following questions.  (a) State the make, year model and body style of same.  (b) State the name of the owner of same.  (c) State when you first acquired the same.  (d) State the name and address of the person, firm or corporation from whom you first acquired the same.  (e) Did you acquire the same as a new or second-hand vehicle?  (f) For what consideration did you acquire the same?  (g) Do you still own the same?  (h) If not, state when you disposed of same.  (i) To whom did you dispose of same?  (j) For what consideration did you dispose of same?  (k) Did you have the damage to said motor vehicle repaired following the accident?  (1) If so, state the name and address of the person, firm or corporation that made said repairs.  (m) State the cost of said repairs.  (n) State the name and address of your collision insurance carrier on said motor vehicle on the date of the accident.  (o) State the amount said collision insurance carrier paid toward the repair of your said motor vehicle.  (p) Attach to your answers to these Interrogatories a true and correct copy of each and every repair estimate or repair order in connection with repairs of the damage sustained to said motor vehicle in the accident.  (q) State your best judgment of the reasonable cash market value of said motor vehicle in its wrecked condition immediately following the accident.  (r) State your best judgment of the reasonable cash market value of said motor vehicle immediately preceding the accident.  (s) State your best judgment of the total number of miles said motor vehicle had been driven prior to the date of the accident.

35.     Do you have a cell phone?  If so, who is the carrier and what is your number, including area code?

36.     Do you understand that these interrogatory answers require timely supplementation upon the discovery of additional information pertinent to the answers to these Interrogatories?

37.     Do you understand that you are making these answers under oath, and are stating they are true and correct?

Respectfully submitted,

/s/  Russell Q. Allison
**GRANT L. SMITH** (SMI381)
**RUSSELL Q. ALLISON** (ALL034)
Attorneys for the Defendants

**OF COUNSEL**:
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
rallison@carrallison.com
(205) 822-2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

√      Using the CM/ECF system which will send notifications of such to the following:


Charles Greene
Shunnarah Injury Lawyers, P.C.
2900 First Ave. South
Birmingham, Alabama 35233
cgreene@asilpc.com


                              /s/  Russell Q. Allison
                                   **OF COUNSEL**

ELECTRONICALLY FILED
10/22/2021 12:09 PM
01-CV-2021-902379.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JERRELD WELCH**            ) | |
|     **PLAINTIFF**            ) | |
|             ) | |
| **V.**                       ) | **CASE NO.:  01-CV-2021-902379.00** |
|             ) | |
| **MICHAEL BROWN; JOHNSON BROS.** ) | |
| **CORPORATION, A SOUTHLAND**  ) | |
| **COMPANY, LLC**              ) | |
|             ) | |
|     **DEFENDANTS**          ) | |

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendants and propound the following Requests for Production to the Plaintiff:

1.      Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other medical provider, emergency reports, correspondence, or any other written materials which in any way pertain to the injuries claimed in the complaint or which the Plaintiff has or intends to use at the trial of this case.

2.      Copies of any and all medical bills, doctors' bills, hospital bills, nurses' bills, prescription or drug bills, chiropractor bills or those bills from any other medical provider, or any other bills of any nature incurred as a result of the injuries claimed by Plaintiff in the Complaint.

3.      A listing of and copies of any and all written or oral statements taken from prospective witnesses by Plaintiff or on Plaintiff's behalf concerning any and all matters connected with the lawsuit arising out of the action made the basis of this case.

4.      Copies of any and all photographs, drawings, maps, or any other reproductions which the Plaintiff has or intends to use at the trial of this case.

5.      Copies of any and all photographs of Plaintiff which in any way show Plaintiff's injuries or property damage.

6.      Copies of any and all photographs of any type that Plaintiff has or intends to use as exhibits or which Plaintiff has or intends to introduce into evidence at the trial of this case.

7.      Copies of any and all drawings, diagrams, models, or any other reproduction or materials which Plaintiff has or intends to use as exhibits, or which Plaintiff intends to introduce into evidence at the trial of this case.

8.      Copies income tax returns [both state and federal] of the Plaintiff for the past five years.

9.      Copies of any payroll stubs, invoices for services rendered, or any other documents of any type that reflect any earnings by Plaintiff between the date of their alleged injuries and the present date.

10.     Copies of each and every invoice, receipt and/or other written documentation reflecting any and all damages claimed by Plaintiff in this matter.

                              Respectfully submitted,


                              /s/  Russell Q. Allison_____
                              **GRANT L. SMITH** (SMI381)
                              **RUSSELL Q. ALLISON** (ALL034)
                              Attorneys for the Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
rallison@carrallison.com
(205) 822-2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

√       Using the CM/ECF system which will send notifications of such to the following:

Charles Greene
Shunnarah Injury Lawyers, P.C.
2900 First Ave. South
Birmingham, Alabama 35233
cgreene@asilpc.com

/s/  Russell Q. Allison
**OF COUNSEL**



AlaFile E-Notice

01-CV-2021-902379.00

To:   RUSSELL Q. ALLISON
       rallison@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JERRELD WELCH V. MICHAEL BROWN ET AL
01-CV-2021-902379.00

The following discovery was FILED on 10/22/2021 12:09:16 PM

Notice Date:      10/22/2021 12:09:16 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-902379.00

To:  BROWN MICHAEL (PRO SE)
     501 EASTMEADOW LANE
     NORTHLAKE, TX, 76226-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JERRELD WELCH V. MICHAEL BROWN ET AL
01-CV-2021-902379.00

The following discovery was FILED on 10/22/2021 12:09:16 PM

Notice Date:     10/22/2021 12:09:16 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-902379.00

To:  GREENE CHARLES THOMAS
cgreene@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JERRELD WELCH V. MICHAEL BROWN ET AL
01-CV-2021-902379.00

The following discovery was FILED on 10/22/2021 12:09:16 PM

Notice Date:     10/22/2021 12:09:16 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov